UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DEVAUGHN MASON,

        Petitioner,

                                CASE NO. 2:13-cv-12126
v.                              HONORABLE ARTHUR J. TARNOW

STEVEN RIVARD,

        Respondent.
_____/

## ORDER GRANTING PETITIONER'S MOTION
## TO HOLD HIS HABEAS PETITION IN ABEYANCE

This matter is pending before the Court on petitioner Devaugh Mason's *pro se* application for the writ of habeas corpus and his motion to hold the habeas petition in abeyance. The habeas petition challenges Petitioner's Wayne County convictions for assault with intent to commit murder, possession of a firearm during the commission of a felony (felony firearm), and felon in possession of a firearm. Petitioner is serving a sentence of twenty-five to fifty years in prison for the assault conviction, five years for the felony firearm conviction, and five to ten years for the felon-in-possession conviction.

The habeas petition alleges that (1) the trial court denied Petitioner his right to present a defense by limiting his questioning of witnesses and (2) appellate counsel provided ineffective assistance of counsel. Petitioner asserts that he raised his first claim in the Michigan Court of Appeals and in the Michigan Supreme Court and that he raised his second claim only in the Michigan Supreme Court.

*Mason v. Rivard*, No. 13-12126

Attached to the habeas petition is Petitioner's motion to hold the petition in abeyance. The motion is not listed as a separate document on the Court's docket, and it escaped the Court's attention until March 13, 2014, when the Clerk of the Court received Petitioner's letter informing the Clerk of a change of address and inquiring about his motion to hold the habeas petition in abeyance.

Petitioner's motion seeks to have the Court stay this case while Petitioner pursues additional remedies in state court. Petitioner wants to file a motion for relief from judgment in the state trial court, asserting that the prosecution failed to preserve case-determinative evidence and failed to disclose the results of tests on fingerprints and blood samples. Additionally, Petitioner wants to raise a claim of ineffective assistance of appellate counsel based on counsel's failure to raise these issues on appeal.

Respondent Steven Rivard argues in an answer to the petition that Petitioner has provided no proof that the tests he mentions exist or that they would have helped his defense. Petitioner, however, is required to fairly present all his claims to the state courts before raising his claims in a federal habeas corpus petition. *See* 28 U.S.C. § 2254(b)(1); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999); *Nali v. Phillips*, 681 F.3d 837, 851 (6th Cir.), *cert. denied*, __ U.S. __, 133 S. Ct. 535 (2012). And a dismissal of this case while Petitioner pursues additional state remedies probably would preclude future consideration of Petitioner's claims due to the expiration of the one-year statute of limitations for filing a habeas petition. *See* 28 U.S.C. § 2244(d).

*Mason v. Rivard*, No. 13-12126

Federal district courts ordinarily have authority to issue stays, and it likely would be an abuse of discretion to dismiss a habeas case, rather than stay it, if the petitioner has good cause for the failure to exhaust state remedies, his unexhausted claims are potentially meritorious, and he is not engaged in dilatory litigation tactics. *Rhines v. Weber*, 544 U.S. 269, 276, 278 (2005). "In such a case, the petitioner's interest in obtaining federal review of his claims outweighs the competing interests in finality and speedy resolution of federal petitions." *Id*. at 278.

Petitioner's proposed new claims are not plainly meritless, and he appears to have been diligent in pursuing relief. He alleges that he was unable to raise his new claims sooner due to his inability to obtain a copy of the trial transcript and his appellate attorney's failure to raise the issues on direct appeal. Given these circumstances, it is not an abuse of discretion to stay this case while Petitioner returns to state court and pursues additional state remedies. Consequently, Petitioner's motion to hold his habeas petition in abeyance (attached to Doc. #9) is **GRANTED**.

Petitioner shall have **ninety (90) days** from the date of this order to file a motion for relief from judgment in the state trial court. If he is unsuccessful in the state trial court and on appeal from the trial court's decision, he may return to this Court and file an amended habeas corpus petition and a motion to re-open this case, using the same case number that appear on this order. An amended petition and motion to re-open this case must be filed within **ninety (90) days** of exhausting state remedies for Petitioner's

*Mason v. Rivard*, No. 13-12126

proposed new claims.

The Court orders the Clerk of the Court to close this case for administrative purposes. Nothing in this order shall be construed as an adjudication of Petitioner's claims.

S/Arthur J. Tarnow
Arthur J. Tarnow
Senior United States District Judge

Dated: April 24, 2014

I hereby certify that a copy of the foregoing document was served upon parties/counsel of record on April 24, 2014, by electronic and/or ordinary mail.

S/Catherine A. Pickles
Judicial Assistant
