UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DE'VAUGHN MASON,

    Petitioner,

v.    CASE NO. 2:13-cv-12126
    HONORABLE ARTHUR J. TARNOW

STEVEN RIVARD,

    Respondent.
_____/

# ORDER GRANTING PETITIONER'S MOTION TO RE-OPEN THIS CASE [20], GRANTING IN PART THE MOTION FOR EQUITABLE TOLLING [21], AND DIRECTING RESPONDENT TO FILE SUPPLEMENTAL RECORDS AND A RESPONSE TO THE AMENDED PETITION

Petitioner De'Vaughn Mason, a state prisoner at the G. Robert Cotton Correctional Facility in Jackson, Michigan, was convicted in 2010 of assault with intent to commit murder, possession of a firearm during the commission of a felony ("felony firearm"), and felon in possession of a firearm. On August 6, 2010, the trial court sentenced Petitioner to five years in prison for the felony- firearm conviction, followed by concurrent terms of twenty-five to fifty years in prison for the assault conviction and five to ten years in prison for the felon-in-possession conviction. The Michigan Court of Appeals affirmed Petitioner's convictions on direct appeal, *see People v. Mason*, No. 300008, 2011 WL 6186955 (Mich. Ct. App. Dec. 13, 2011), and on May 21, 2012, the Michigan

Supreme Court denied leave to appeal. *See People v. Mason*, 491 Mich. 920; 812 N.W.2d 745 (2012).

Petitioner commenced this case in 2013. He alleged as grounds for relief that (1) the trial court deprived him of his right to present a defense by limiting his questioning of witnesses, and (2) appellate counsel provided ineffective assistance. Petitioner asserted that he raised his first claim in both the Michigan Court of Appeals and the Michigan Supreme Court, but that he raised his second claim only in the Michigan Supreme Court. He attached to his petition a motion to hold his petition in abeyance while he pursued additional remedies in state court.

On April 24, 2014, the Court granted Petitioner's motion to hold his habeas petition in abeyance and ordered him to file a motion for relief from judgment in the state trial court within ninety days of the Court's order. The Court also ordered Petitioner to file an amended habeas petition and a motion to re-open this case within ninety days of exhausting state remedies if he was unsuccessful in state court. The Court closed the case for administrative purposes. *See* Doc. No. 19.

Petitioner subsequently filed a motion for relief from judgment in the state trial court. The trial court denied his motion, and the Michigan Court of Appeals denied leave to appeal under Michigan Court Rule 6.508(D)(3) because Petitioner

alleged grounds for relief that he could have raised previously. *See People v. Mason*, No. 326262 (Mich. Ct. App. May 21, 2015). On February 2, 2016, the Michigan Supreme Court also denied leave to appeal for failure to establish entitlement to relief under Rule 6.508(D). *See People v. Mason*, 499 Mich. 856; 873 N.W.2d 315 (2016).

On October 20, 2017, Petitioner returned to this Court with his motion to re-open this case, his motion for equitable tolling, and his amended petition and supporting brief for the writ of habeas corpus.[1] In his motions, Petitioner admits that he failed to comply with the Court's prior order to file his amended petition within ninety days of exhausting state collateral remedies. He contends, however, that he was unable to meet the ninety-day deadline because he incurred serious medical problems, he was transferred to another facility for specialized treatment

---

[1] The amended petition alleges that: (1) the trial court denied Petitioner his right to present a defense by limiting his questioning of witnesses; (2) the trial court failed to give jurors the proper oath, and defense counsel was ineffective for failing to object; (3) the trial judge assumed the prosecutor's role, questioned prosecution witnesses, and pierced the veil of impartiality; (4) defense counsel was ineffective for failing to (a) advocate for Petitioner without being deflected by conflicting considerations, (b) investigate, (c) file a pretrial motion to suppress evidence, (d) present a defense, and (e) object to the trial judge's questioning of witnesses; (5) appellate counsel prevented Petitioner from raising issues in a *pro se* brief and failed to raise issues about trial counsel's ineffectiveness and the trial judge's clear abuse of discretion; and (6) the trial court erred in evaluating Petitioner's claims about counsel and not recognizing the need for an evidentiary hearing

of his medical problems, and he was placed on "high power" medications that interfered with his ability to function properly. He has asked the Court to conclude that the delay in filing his amended petition was not his fault and that his amended petition was timely filed. He contends that he was able to submit his amended petition only recently with the help of a legal writer and that the State will not be prejudiced if the Court grants his motion.

 A habeas petitioner's failure to comply with the conditions of an order staying his case and holding a petition in abeyance is a basis for dismissing the case. *Calhoun v. Bergh*, 769 F.3d 409, 411 (6th Cir. 2014). Here, however, Petitioner appears to have timely filed his post-conviction motion in state court, and he has provided a reasonable explanation for his failure to return to this Court within ninety days of exhausting state remedies. The Court, therefore, grants Petitioner's motion to re-open this case (Doc. No. 20).

 The Court also grants Petitioner's motion for equitable tolling (Doc. No. 21), but only to the extent that the Court is allowing Petitioner to proceed with his case despite his failure to comply with a deadline set forth in the Court's previous order. The Court declines to say whether any of Petitioner's claims are barred by the one-year statute of limitations, 28 U.S.C. § 2244(d), because the timeliness of the

amended petition – in a limitations sense – is distinct from the issue of whether Petitioner complied with the conditions set forth in the Court's order staying this case. *Calhoun*, 769 F.3d at 411. Absent a response from the State, the complete state-court record, and any details or documentation from Petitioner concerning his past medical condition, his transfer to another facility, and his high-powered medication, the Court is unable to say whether the limitations period should be equitably tolled.

The Court orders Respondent to file a response to the amended habeas petition and any supplemental state-court materials needed to address the issues. The State's supplemental response and the supplemental state-court materials, including the relevant portions of the Michigan Supreme Court's file on direct appeal, shall be due within two months of the date of this order.

                                              s/Arthur J. Tarnow
                                              ARTHUR J. TARNOW
Dated: May 21, 2018             UNITED STATES DISTRICT JUDGE